**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JUSTIN CUNNINGHAM,                  )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )          Case No.  0:21-cv-60983
LENDINGCLUB BANK, N.A.,             )
                                    )
    Defendant.                      )

## PLAINTIFF'S COMPLAINT

Plaintiff, JUSTIN CUNNINGHAM ("Plaintiff"), by and through his attorneys, alleges the following against Defendant, LENDINGCLUB BANK, N.A. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. ("FDUTPA").

3. In describing the importance of the TCPA, Senator Hollings, the TCPA's sponsor, said "I echo Supreme Court Justice Louis Brandeis, who wrote 100 years ago that 'the right to be left alone is the most comprehensive of rights and the one most valued by civilized man.'" 137 Cong. Rec. 30.821 (1991).

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

5. This court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claim in the action within such original jurisdiction that they form part of the same case or controversy."

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Weston, Broward County, State of Florida.

9. Defendant is a bank headquartered in the City of Boston, Suffolk County, Commonwealth of Massachusetts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Within four (4) years of Plaintiff filing this Complaint, in or around August 2020, Defendant began calling Plaintiff's cellular telephone at 954-629-2170, which included or introduced an advertisement or constituted telemarketing.

12. Defendant calls Plaintiff from several numbers, including 754-812-3295, 754-812-3296 and 754-812-3297, which are just three of Defendant's many telephone numbers.

13. When Plaintiff answers calls from Defendant, he is greeted by a message spoken by a pre-recorded or artificial voice with the purpose of soliciting products and services offered by Defendant.

14. At all relevant times hereto, Plaintiff's cellular telephone number 954-629-2170 was registered with the National Do Not Call Registry.  (A true-and-correct copy of the

National Do Not Call Registry confirmation is attached hereto as Exhibit A).

15. Despite Plaintiff's cellular telephone number being registered with the National Do Not Call Registry, Defendant called Plaintiff in violation of the National Do Not Call Registry.

16. On or about August 25, 2020, Plaintiff answered one of Defendant's calls and told Defendant's human representative that Plaintiff was not interested in Defendant's products or services and to stop calling Plaintiff.

17. Despite Plaintiff's request for Defendant to stop contacting Plaintiff, Defendant continued to call Plaintiff's cellular telephone unabated.

18. On October 20, 2020, Plaintiff's counsel sent notice of representation and cease-and-desist request to Defendant via facsimile to Defendant's facsimile number 855-770-5919, which Defendant received.   (A true-and-correct copy of the facsimile and its delivery confirmation are attached to collectively as Exhibit B).

19. Despite Defendant receiving Plaintiff's counsel's notice of representation and cease-and-desist request, Defendant continued to call Plaintiff's cellular telephone unabated.

20. Plaintiff has never given to Defendant prior express written consent to contact Plaintiff as described herein.

21. Even if at one point Defendant had prior express written consent to call Plaintiff's cellular telephone using a pre-recorded or artificial voice, Plaintiff revoked this consent as described above.

22. Even if Plaintiff provided Defendant with his cellular telephone number, Defendant failed to provide Plaintiff with clear and conspicuous disclosure that Defendant would contact Plaintiff using a pre-recorded or artificial voice.

23. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular

telephone number.

24. None of the calls Defendant made to Plaintiff were for an emergency purpose.

25. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express written consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;
   b. Electronically intruding upon Plaintiff's seclusion;
   c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

26. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using a pre-recorded or artificial voice without prior express written consent and/or after revocation of such consent, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

   WHEREFORE, Plaintiff, JUSTIN CUNNINGHAM, respectfully requests judgment be entered against Defendant, LENDINGCLUB BANK, N.A. for the following:

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

30. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

31. Defendant violated the FDUTPA based on the following:

    a. Defendant's above-detailed conduct amounts to deceptive acts or unfair practices pursuant to the FDUTPA;

    b. Defendant's above-detailed conduct is a direct and proximate cause of Plaintiff's injuries; and

    c. Plaintiff sustained actual damages as a result of Defendant's above-detailed conduct.

WHEREFORE, Plaintiff, JUSTIN CUNNINGHAM, respectfully requests judgment be entered against Defendant, LENDINGCLUB BANK, N.A., for the following:

*32.* Actual damages in an amount to be determined at trial, pursuant to § 501.207 of the FDUTPA;

33. Costs and reasonable attorneys' fees pursuant to § 501.2105 of the FDUTPA; and

5

34. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: May 10, 2021                    By:  /s/ Shireen Hormozdi
                                           Shireen Hormozdi
                                           Florida Bar No. 0882461
                                           HORMOZDI LAW FIRM, LLC
                                           1770 Indian Trail Lilburn Road, Suite 175
                                           Norcross, GA 30093
                                           Tel: 678-395-7795
                                           Fax: 866-929-2434
                                           shireen@agrusslawfirm.com
                                           shireen@norcrosslawfirm.com
                                           Attorney for Plaintiff

# EXHIBIT A



# **EXHIBIT B**

**From:**     Jackie Laino
**To:**       8557705919@fax.com
**Subject:**  C&D to LendingClub
**Date:**     Tuesday, October 20, 2020 11:28:00 AM

To Whom It May Concern:

Please cease all further communications with Justin Cunningham (Ph: 954- 629-2170). Agruss Law
Firm, LLC represents Justin Cunningham in a claim against LendingClub. Thank you.

**Jackie Laino | Paralegal |** my bio
4809 N Ravenswood Ave, Suite 419, Chicago, IL 60640
Tel: 312-224-4695 | Cell: 312-715-8054 | Fax: 312-253-4451

| | |
|---|---|
| **From:** | Fax.com Email To Fax |
| **To:** | Jackie Laino |
| **Subject:** | Fax Confirmation -OK |
| **Date:** | Tuesday, October 20, 2020 11:32:49 AM |

Your fax to an unknown recipient at fax number 8557705919 succeeded.

FSID: 96544172

Attempts made: 2
Pages delivered: 1
Minutes spent delivering this fax : 1.0
The baud rate was: 9600

The following are the attempts made and the result that occured:
10/20/2020 - 09:32:00 - 0( Success )


Documents being delivered:
1   HTML Message Body